# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WISCONSIN

_____

**WISCONSIN LABORERS HEALTH FUND,**
**WISCONSIN LABORERS PENSION FUND,**
**WISCONSIN LABORERS APPRENTICE**
**AND TRAINING FUND, BUILDING & PUBLIC**
**WORKS LABORERS VACATION FUND and**
**JOHN J. SCHMITT (in his capacity as trustee),**

**WISCONSIN LABORERS DISTRICT COUNCIL,**

**WISCONSIN LABORERS-EMPLOYERS**
**COOPERATION AND EDUCATION TRUST FUND,**

**BULDING TRADES UNITED PENSION TRUST**
**FUND and NACARCI FEASTER (in his capacity**
**as trustee),**

                              **Plaintiffs,**

        **v.**                                    **Case No.  11-cv-313**

**WERNER BROTHERS, INC. and DALE M. WERNER,**

                              **Defendants.**
_____

## COMPLAINT
_____

NOW COME the Plaintiffs, by their attorneys, Previant, Goldberg, Uelmen, Gratz, Miller & Brueggeman, S.C., by Christopher J. Ahrens, and as and for a cause of action against the Defendants, allege and show to the court the following:

### Jurisdictional and Venue

1.      Jurisdiction of this Court upon Defendant Werner Brothers, Inc. (hereinafter referred to as "Werner Bros.") is founded upon §502 of the Employee Retirement Income Security Act of 1974 ("ERISA") [29 U.S.C. §1132 and §301(a) of the

Labor Management Relations Act of 1947 ("LMRA"), as amended (26 U.S.C. §185(a)], in that the Plaintiffs are aggrieved by the Defendants' violation of certain collective bargaining agreements, trust plans and trust agreements, and Defendants' continued refusal to submit contributions in accordance with the terms of those plans and agreements, thereby violating the provisions of ERISA, the Multi-Employer Pension Plan Amendments Act ("MPPAA") and Section 301 of the LMRA, the terms and the common law of the State of Wisconsin.

2.    Jurisdiction of this Court upon Defendant Dale M. Werner is founded upon §502 (29 U.S.C. §1132) in that the Building & Public Works Laborers Vacation Fund (hereinafter referred to as "Vacation Fund") is aggrieved by Dale M. Werner's violation of ERISA, the terms and provisions of the Vacation Fund's employee benefit plans, and through the Court's exercise of pendent jurisdiction of Wisconsin common law as to Dale M. Werner's breach of contract between himself and some of the Plaintiff Funds as alleged more fully below.

3.    Venue lies in this Court under ERISA §502(e)(2) [29 U.S.C. §1132(e)(2)] that Werner Bros. is engaged in business with its principal place of business located in Jefferson County, Wisconsin.

**Parties**

4.    Plaintiffs Wisconsin Laborers Pension Fund, Wisconsin Laborers Health Fund, Wisconsin Laborers Apprentice and Training Fund, and Building & Public Works Laborers Vacation Fund are employee benefit plans within the meaning of ERISA §§3(1),(2),(3) and (37), 502 and 515, as amended by the MPPAA (codified as amended at 29 U.S.C. §§1002(1),(2),(3) and (37), 1132 and 1145), and bring this action on behalf

of the Trustees, participants and beneficiaries of said plans.  Said plans maintain offices at 4633 LIUNA Way, Suite 201, DeForest, Wisconsin.

5.      Plaintiff John J. Schmitt is a trustee and beneficiary of the Wisconsin Laborers Health Fund and as such has standing to be a Plaintiff in this action.  Mr. Schmitt maintains offices at 4633 LIUNA Way, Suite 101, DeForest, Wisconsin.

6.      Plaintiff Wisconsin Laborers District Council (hereinafter the "Union") is a labor organization within the meaning of 29 U.S.C. §158, et seq., and brings this action on behalf of the participants and members of the organization for whom it collects working dues.  Said labor organization maintains offices at 4633 LIUNA Way, Suite 201, DeForest, Wisconsin.

7.      Plaintiff Wisconsin Laborers-Employers Cooperation and Education Trust Fund ("LECET Fund") is an employee benefit plan governed by a Board of Trustees consisting of union and labor employee appointees as provided by LMRA §302(c)(5), whose purpose is to address areas of common concern to labor and management in the construction industry, including but not limited to labor standards issues such as OSHA and prevailing wage laws.  Said Fund maintains offices at 4633 LIUNA Way, Suite 201, DeForest, Wisconsin.

8.      Plaintiff Building Trades United Pension Trust Fund is an employee benefit plan within the meaning of §§ 3(1), (2), (3), and (37), 502, and 515 of ERISA, as amended by the MPPAA (codified as amended at 29 U.S.C. §§ 1002(1), (2), (3), and (37), 1132, and 1145), and brings this action on behalf of the Trustees, participants, and beneficiaries of said plan.  Said plan maintains offices at 500 Elm Grove Road, Elm Grove, Wisconsin.

9.      Plaintiff Nacarci Feaster is a Trustee and a fiduciary of the Building Trades United Pension Trust Fund, as well as a participant and beneficiary within the meaning of ERISA, and as such has standing to be a Plaintiff in this action and to seek the remedies prayed for.  Nacarci Feaster maintains an office at 6310 West Appleton Avenue, Milwaukee, Wisconsin.

10.      Defendant Werner Bros. is a domestic corporation, organized under the laws of the State of Wisconsin, engaged in business with principal offices located at N8121 Industrial Drive, Ixonia, Wisconsin.  Its registered agent for service of process is Dale M. Werner, N8121 Industrial Drive, Ixonia, Wisconsin.

11.      Upon information and belief, Defendant Dale M. Werner is an adult resident of the State of Wisconsin, with a residence located at 526 Grey Fox Run, Watertown, Wisconsin, and is one of Werner Bros.' officers, directors and/or shareholders.

**Facts**

12.      Werner Bros. is an employer and party in interest in an industry affecting commerce within the meaning of §§3(5), (11), (12) and (14) of ERISA (29 U.S.C. §§1002(5), (11), (12) and (14)) and the LMRA (29 U.S.C. §151, et seq.).

13.      For all times relevant, Werner Bros. was and remains a party to and agreed to abide by the terms of one or more collective bargaining agreements ("Labor Agreements") between itself and the Union.

14.      The Union represents, for purposes of collective bargaining, certain Werner Bros. employees and employees of other employers in industries affecting

interstate commerce within the meaning of §§2(5), 9(a) and 301(a) of the LMRA (29 U.S.C. §151, et seq.).

15.     The Labor Agreements described herein contain provisions whereby Werner Bros. agreed to make timely payments to the Plaintiffs' trust funds for each employee covered by said Labor Agreement.

16.     By execution of said Labor Agreement, Werner Bros. adopted the trust agreements and amendments thereof which establish and govern the Funds and are necessary for their administration, and designated as its representatives on the Board of Trustees such Trustees as have been named and appointed pursuant to said trust agreements, together with their successors selected in the manner provided in such trust agreements, and thereby ratifying all actions already taken or to be taken within the scope of their authority.

17.     By virtue of executing the Labor Agreement and adopting and assenting to all the terms and provisions of the trust agreements, and the rules and regulations heretofore and hereafter adopted by the Trustees of said trust funds, Werner Bros. has agreed as follows:

> a.     to file monthly reports and make timely and prompt contributions to the Plaintiff Funds for each employee covered by the aforementioned Labor Agreement;
>
> b.     to deduct from each employee who has so authorized, working due and to timely pay said amounts to the Union;
>
> c.     to designate, and accept as its representatives, the Trustees named in the declaration of trust and their successors;

  d.  to adopt and abide by all of the rules and regulations adopted by the Trustees of the Funds pursuant to the trust agreements;

  e.  to adopt and abide by all of the actions of the Trustees in administering the Funds in accordance with the trust agreements and the rules so adopted;

  f.  to pay, in addition to all of the contributions which are due and owing, liquidated damages and interest relative to delinquent contributions; and

  g.  to pay, in addition to delinquent contributions, interest and liquidated damages, actual attorneys' fees, audit fees, court costs and service fees, should legal action be necessary to obtain delinquent contributions, interest and liquidated damages.

18. Defendant Werner Bros. has failed to perform its obligations pursuant to the terms and conditions of the Labor Agreement and trust agreements by, although not necessarily limited to, the following:

  a.  failing to make continuing and prompt payments to the Funds and Unions as required by the Labor Agreement and trust agreements for all of Werner Bros.' covered employees; and

  b.  failing to accurately report employee work status to the Funds.

- 6 -

19.     ERISA §502(g)(2), as amended by the MPPAA provides:

(2)     In any action under this title by a fiduciary for or on behalf of a plan to enforce §515 in which a judgment in favor of the plan is awarded, the court shall award the plan --

(A)     the unpaid contributions,

(B)     interest on the unpaid contributions,

(C)     an amount equal to the greater of --

(i)     interest on the unpaid contributions, or

(ii)    liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal of State law) of the amount determined by the court under subparagraph (A),

(D)     reasonable attorney's fees and costs of this action, to be paid by the defendant, and

(E)     such other legal or equitable relief as the court deems appropriate.  For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of the Internal Revenue Code of 1954.

For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under §6621 of the Internal Revenue Code of 1954.

20.     ERISA §515 provides:

Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or agreement.

21.     Despite demands that Werner Bros. perform its statutory and contractual

obligations, the Plaintiff Funds have ascertained that said Defendants have wholly

- 7 -

failed, neglected, omitted and refused to make those payments.  Werner Bros. is now

indebted to the Plaintiff Funds as follows:

Audit Period January 1, 2006 through August 31, 2008:

| | |
|---|---|
| Wisconsin Laborers Pension Fund | $7,910.47 |
| Wisconsin Laborers Health Fund | 28,653.39 |
| Wisconsin Laborers District Council (working dues) | 218.74 |
| Building & Public Works Laborers Vacation Fund | 1,640.87 |
| LECET Fund | 110.67 |

Audit Period September 1, 2008 through November 30, 2008:

| | |
|---|---|
| Wisconsin Laborers Pension Fund | $12,157.47 |
| Wisconsin Laborers Health Fund | 41,630.30 |
| Wisconsin Laborers District Council (working dues) | 696.80 |
| Building & Public Works Laborers Vacation Fund | 3,464.90 |
| LECET Fund | 265.83 |
| Wisconsin Laborers Apprentice and Training Fund | 869.59 |

Audit Period October 1, 2009 through January 31, 2010:

| | |
|---|---|
| Wisconsin Laborers Pension Fund | $7,991.18 |
| Wisconsin Laborers Health Fund | 4,348.13 |
| Wisconsin Laborers District Council (working dues) | 770.34 |
| Building & Public Works Laborers Vacation Fund | 2,842.70 |
| LECET Fund | 144.66 |
| Wisconsin Laborers Apprentice and Training Fund | 667.25 |

Audit Period January 1, 2008 through September 30, 2009:

| | |
|---|---|
| Building Trades United Pension Trust Fund | 22,822.16 |

Audit Period October 1, 2009 through February 28, 2010:

| | |
|---|---|
| Building Trades United Pension Trust Fund | 10,311.54 |

Unaudited Period February 1, 2010 to the present:

| | |
|---|---|
| Wisconsin Laborers Pension Fund | Unknown |
| Wisconsin Laborers Health Fund | Unknown |
| Wisconsin Laborers District Council (working dues) | Unknown |
| Building & Public Works Laborers Vacation Fund | Unknown |
| LECET Fund | Unknown |
| Wisconsin Laborers Apprentice and Training Fund | Unknown |

Unaudited Period March 1, 2010 to the present:

| | |
|---|---|
| Building Trades United Pension Trust Fund | Unknown |

## Claim One - Against Defendants Werner Brothers, Inc.
## Violation of ERISA §§502 and 515 (29 U.S.C. §§1132, 1145)

22.     As and for a first claim for relief against Werner Bros., the Plaintiffs reallege each and every allegation contained in paragraphs 1 through 21 above and incorporate the same as though fully set forth herein word for word.

23.     For purposes of this claim (Claim One), the Wisconsin Laborers Pension Fund, Wisconsin Laborers Health Fund, Wisconsin Laborers Apprentice and Training Fund, Building & Public Works Laborers Vacation Fund and Building Trades United Pension Trust Fund are hereinafter referred to as the "Funds."

24.     Due demand has been made by the Funds upon Werner Bros. for payment of all sums due and owing, but said Defendant has refused to pay them, or any part thereof, and all amounts remain due and owing.

25.     Because, as the Funds are informed and believe, Werner Bros. has not made timely and prompt contributions on behalf of all covered employees, the corpus of each of the Funds' trust funds is reduced, the Funds' income is reduced, and their ability to pay benefits to qualified participants and beneficiaries is curtailed.  Consequently, ERISA and the Funds' employee benefit plans have been violated, and the Funds are entitled to all of the remedies provided by ERISA.

26.     Because Werner Bros. has failed to make timely and prompt contributions, some of the Funds' beneficiaries and participants could have eligibility terminated and benefits reduced for which they would otherwise qualify.  These beneficiaries and participants would be left without an adequate remedy at law and would suffer severe and irreparable harm if said Defendants are not mandatorily compelled to comply with the Labor Agreement and enjoined from further breaches.

**WHEREFORE**, the Funds demand the following relief:

1.      Judgment on behalf of the Funds and against Werner Bros. as follows:

      A.      For $38,204.52, representing contributions, interest and liquidated damages owed to the Wisconsin Laborers Pension Fund, Wisconsin Laborers Health Fund and Building & Public Works Laborers Vacation Fund for the audit period January 1, 2006 through August 31, 2008;

      B.      For $58,122.26, representing contributions, interest and liquidated damages owed to the Wisconsin Laborers Pension Fund, Wisconsin Laborers Health Fund, Building & Public Works Laborers Vacation Fund and Wisconsin Laborers Apprentice and Training Fund for the audit period September 1, 2008 through November 30, 2008;

      C.      For $15,849.26, representing contributions, interest and liquidated damages owed to the Wisconsin Laborers Pension Fund, Wisconsin Laborers Health Fund, Building & Public Works Laborers Vacation Fund and Wisconsin Laborers Apprentice and Training Fund for the audit period October 1, 2009 through January 31, 2010;

      D.      For $22,822.16, representing contributions, interest and liquidated damages owed to the Building Trades United Pension Trust Fund for the audit period January 1, 2008 through September 30, 2009;

      E.      For $10,311.54, representing contributions, interest and liquidated

damages owed to the Building Trades United Pension Trust Fund for the audit period October 1, 2009 through February 28, 2010;

F.   For unpaid contributions, interest and liquidated damages owed to the Funds for the period February 1, 2010 through the date this action was commenced;

G.   For unpaid contributions, interest and liquidated damages owed to the Funds becoming due and/or arising after the commencement of this lawsuit through the date of judgment; and

H.   Actual attorney fees and the costs of this action.

2.   For such other, further or different relief as the Court deems just and proper.

**Claim Two - Against Defendant Werner Brothers, Inc.**
**Violation of LMRA §301 (29 U.S.C. §185)**

27.   As and for their second claim for relief, against Werner Bros., the Plaintiffs reallege each and every allegation contained in paragraphs 1 through 26 above and incorporate the same as though fully set forth herein word for word.

28.   Due demand has been made upon Werner Bros. for payment of all working dues outstanding and all contributions and interest due LECET, but said Defendant has refused to pay them, or any part thereof, and all amounts remain due and owing.

29.   Because, as the Union and LECET are informed and believe, Werner Bros. has not paid timely and prompt working dues, and LECET contributions on behalf of union members, the Union's and LECET's income are reduced, and their members may be forced to pay working dues out of pocket even though said amounts may have

already been deducted from their paychecks by the Defendant. Consequently, the LMRA has been violated, and the Union and LECET are entitled to all of the remedies provided by the LMRA.

**WHEREFORE**, the Union and LECET demand the following relief:

1.  Judgment on behalf of the Union and LECET and against Werner Bros.:

    A.  For $329.41, representing unpaid working dues owed in contributions and interest owed to the Union and LECET for the audited period January 1, 2006 through August 31, 2008;

    B.  For $962.63, representing unpaid working dues owed in contributions and interest owed to the Union and LECET for the audited period September 1, 2006 through November 30, 2008;

    C.  For $915.00, representing unpaid working dues owed in contributions and interest owed to the Union and LECET for the audited period October 1, 2009 through January 31, 2010;

    D.  For unpaid working dues, contributions and interest owed to the Union and LECET for the period February 1, 2010 through the date this action was commenced;

    E.  For unpaid working dues, contributions and interest owed to the Union and LECET becoming due and/or arising after the commencement of this lawsuit through the date of judgment; and

    F.  Actual attorney fees and the costs of this action.

2.  For such other, further or different relief as the court deems just and proper.

**Claim Three – Wisconsin Laborers Vacation Fund's Claim Against
Dale M. Werner, personally [Violation of ERISA §409 (29 U.S.C. §1109)]**

30.     As and for a claim for relief against Defendant Dale M. Werner, the Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 29 above and incorporate the same as though fully set forth herein word for word.

31.     By his failure to submit fund assets to the Vacation Fund, Dale M. Werner exercised "authority or control respecting management or disposition of [the Plan's] assets." 29 U.S.C. §1002(21)(A).

32.     By failing to submit Werner Bros.' employees' contributions to the Vacation Fund, which were deducted from Werner Bros.' employees' paychecks, Dale M. Werner breached his fiduciary duties to the Vacation Fund and engaged in a prohibited transaction pursuant to ERISA §§414(a) and 406(b)(1).

33.     As a result of his conduct, Dale M. Werner is personally liable for all contributions owed to the Vacation Fund, as well as any income which would have been realized had said contributions been made timely.  See ERISA §409 (29 U.S.C. §1109).

**WHEREFORE**, Plaintiffs demand the following relief:

1.     Judgment on behalf of the Vacation Fund and against Dale M. Werner, jointly and severally:

A.     For $1,640.87, representing contributions due to the Vacation Fund for the period January 1, 2006 through August 31, 2008;

B.     For $3,242.14, representing contributions, due to the Vacation Fund for the period September 1, 2008 through November 30, 2008;

- 13 -

C.    For $2,746.44, representing contributions due to the Vacation Fund for the period October 1, 2009 through January 31, 2010;

D.    For unpaid contributions for the period February 1, 2010 to the commencement of this action;

E.    For unpaid contributions becoming due and/or arising after the commencement of this lawsuit through the date of judgment; and

F.    For the loss of any income which would have been realized had the contributions been made to the Plans on a timely basis.

G.    Actual attorney fees and the costs of this action.

2.    For such other, further or different relief as this Court deems just and proper.

## Claim Four – Wisconsin Laborers District Council Against Dale M. Werner, personally, Civil Theft, §§ 895.44 and 943.201, Wis. Stats.

34.    As and for a claim for relief against Defendant Dale M. Werner, the Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 33 above and incorporate the same as though fully set forth herein word for word.

35.    By his intentional conduct, by virtue of his position as a shareholder, corporate officer and/or director of Werner Bros., Werner has retained possession of working dues without the Union's consent.

36.    Werner has intentionally retained working dues with the intent to convert said monies for his own use or for the use Werner Bros.

37.    By virtue of his conduct, Werner has violated Wis. Stats. §§ 895.446 and 943.20.

38.    By virtue of his intentional conduct, the Union is entitled to its costs of litigation and investigation as well as treble damages pursuant to Wis. Stats. §895.446(3) (b), (c).

**WHEREFORE**, Plaintiffs demand the following relief:

1.    Judgment on behalf of the Union and against Dale M. Werner, jointly and severally:

      A.    For $218.24, representing unpaid working dues owed to the Union for the period January 1, 2006 through August 31, 2008;

      B.    For $696.80, representing unpaid working dues owed to the Union for the period September 1, 2008 through November 30, 2008;

      C.    For $770.34, representing unpaid working dues owed to the Union for the period October 1, 2009 through January 31, 2010;

      D.    Treble (exemplary) damages of not more than $5,056.14;

      E.    For any amounts deducted from Werner Bros.' employees' paychecks which have not been paid to the Union for working dues for the period February 1, 2010 to the commencement of this action;

      F.    Treble (exemplary) damages of not more than three times the amount deducted from Werner Bros.' employees' paychecks which have not been paid to the Union for working dues for the period February 1, 2010 to the commencement of this action;

- 15 -

G.     For any amounts deducted from Werner Bros.' employees' paychecks  which have not been paid to the Union for working dues arising  after the commencement of this lawsuit through the date of judgment;

H.     Treble (exemplary) damages of not more than three times the amount deducted from Werner Bros.' employees' paychecks which have  not been paid to the Union for working dues arising after the commencement of this lawsuit through the date of judgment; and

I.     Actual attorney fees and the costs of this action.

2.     For such other, further or different relief as this Court deems just and proper.

Dated this 28th day of April, 2011.

s/Christopher J. Ahrens
Christopher J. Ahrens (SBN: 1043237)
PREVIANT, GOLDBERG, UELMEN,
GRATZ, MILLER & BRUEGGEMAN, S.C.
Attorney for Plaintiffs
1555 North RiverCenter Drive, Suite 202
P. O. Box 12993
Milwaukee, WI  53212
414-271-4500 (Telephone)
414-271-6308 (Fax)
Email: cja@previant.com
